UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONY WILLIAMS,

          Plaintiff,

v.                                          Case No. 3:23-cv-1380-HES-JBT

HARROLD RIED and
YEYSON GONZALEZ,

          Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) under 42 U.S.C. § 1983. He names two Defendants – Hamilton County Sheriff Harrold Ried and Hamilton County Deputy Yeyson Gonzalez. Id. at 1-2. The Complaint is not a picture of clarity, and the allegations of Plaintiff's claim are reduced to a few sentences. He seems to allege that an unnamed officer searched his apartment with "no search warrant signed by judge for narcotics." Id. at 3-5. As relief, he requests monetary damages and the return of his lost personal belongings. Id. at 5. Plaintiff is not currently in state custody. See Doc. 2.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) this deprivation occurred under color of

state law. <u>Salvato v. Miley</u>, 790 F.3d 1286, 1295 (11th Cir. 2015); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); <u>Porter v. White</u>, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. <u>See</u> <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Nevertheless, the plaintiff still must meet some minimal pleading requirements. <u>Jackson v. BellSouth Telecomm.</u>, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Absent well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th

3

Cir. 1998), "'this leniency does not give a court license to serve as <u>de facto</u> counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" <u>Alford v. Consol. Gov't of Columbus, Ga.</u>, 438 F. App'x 837, 839 (11th Cir. 2011)[1] (quoting <u>GJR Invs., Inc. v. Cnty. of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), <u>overruled in part on other grounds as recognized in</u> <u>Randall</u>, 610 F.3d at 709).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." <u>See</u> <u>Iqbal</u>, 556 U.S. at 678. It appears Plaintiff is trying to state a Fourth Amendment claim. It is a "basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." <u>Payton v. New York</u>, 445 U.S. 573, 586 (1980) (quotation omitted). And "police officers need either a warrant or probable cause plus exigent circumstances in order to make a lawful entry into a home." <u>Kirk v. Louisiana</u>, 536 U.S. 635, 638 (2002). Here, however, Plaintiff fails to allege any facts providing context for the search. Also, and likely of more import, Plaintiff

___

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060-61 (11th Cir. 2022); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

fails to allege any facts to connect either Defendant to the search. For those reasons, this case is due to be dismissed without prejudice.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1.    This case is **DISMISSED without prejudice**.

2.    The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this _13th_ day of _December_, 2023.

_____
UNITED STATES DISTRICT JUDGE

Jax-7
C:    Tony Williams

5